THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD W. MORGAN, and
MORGAN INSURANCE, LLC,

        Plaintiffs,

v.

CAPITOL INDEMNITY
CORPORATION, *et al.*,

        Defendants.

CASE NO. C17-0754-JCC

ORDER

This matter comes before the Court on Defendants' uncontested motion to dismiss (Dkt. No. 9). Having thoroughly considered Defendants' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs Donald Morgan and Morgan Insurance, LLC initiated a breach of contract action in Snohomish County Superior Court. (Dkt. Nos. 1, 7.) Defendants removed the action to federal court. (Dkt. No. 1.) Defendants now move to dismiss all claims against them for failure to (1) properly serve Defendants with the summons and complaint, and (2) state a claim for breach of contract. (Dkt. No. 9 at 2, 5.) Plaintiffs did not file a response to Defendants' motion to dismiss.

## II. DISCUSSION

### A. Local Civil Rule 7(b)(2)

As an initial matter, the Court notes that Plaintiffs did not file a response to Defendants' motion to dismiss. Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Accordingly, the Court takes Plaintiffs' failure to file a response to Defendants' motion to dismiss as an admission that the motion has merit.

### B. Failure to Properly Serve Defendants with the Summons and Complaint

In a diversity case, where no federal statute governing jurisdiction is applicable, courts apply the long-arm statute of the state in which the district court sits. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). In order to exercise personal jurisdiction over a defendant, service must be proper. *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005).

In Washington State, service of process for foreign insurance companies "can be had only by service upon the [Insurance] Commissioner." Wash. Rev. Code § 48.05.200(1). The Plaintiffs did not serve the Washington State Insurance Commissioner. (Dkt. No. 10 at ¶ 4.) Service of process was not proper; accordingly, the Court lacks jurisdiction over Defendants.

### C. Failure to State a Claim

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as

true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (internal quotations omitted). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted).

In the case of a *pro se* litigant, her complaint must be liberally construed. *Litmon v. Harris*, 768 F.3d 1237 (9th Cir. 2014). However, a court "may not supply essential elements of the claim that were not initially ple[aded]." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As a general rule, courts may not consider "any material beyond the pleadings" when ruling on a 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotations omitted). In limited circumstances, a court may consider extrinsic evidence without converting the motion into one for summary judgment. *Id.* The Court may consider "material which is properly submitted as part of the complaint." *Id.* If the parties do not contest the document's authenticity, and the complaint "necessarily relies" on it, the Court may consider the document even if not physically attached to the complaint. *Id.*

Here, Plaintiffs' complaint alleges a breach of contract, specifically referring to a 1998 contract and a 2011 contract. (Dkt. No. 7-1 at ¶ 5.) Because Plaintiffs' claim necessarily relies on these two contracts, it is proper for the Court to consider them even though they are not physically attached to the complaint.

Defendants argue that the contracts were between Defendant Capitol Indemnity Corporation and Morgan & Associates, Inc. (Dkt. No. 9 at 6; Dkt. No. 11 at ¶ 6.) Defendants did not and do not have a contractual relationship with either Plaintiff, Donald Morgan or Morgan Insurance, LLC. (Dkt. No. 11 at ¶ 7.) Plaintiffs do not allege they are third-party beneficiaries of either contract and the 2011 contract specifically states that it supersedes any existing agreement and "is not intended to, and does not, create any third party beneficiaries and shall not confer any

rights on any person, group or organization other than Capitol and the Independent Agent." (*Id.*, Ex. B at ¶¶ 11.1 and 11.13.) The "Independent Agent" is defined as Morgan & Associates, Inc. (*Id.*) Morgan and Associates, Inc., is not a named plaintiff. Thus, accepting Plaintiffs' allegations as true, Defendants would be liable to an unnamed plaintiff for any breach of contract. Accordingly, Plaintiffs fail to state a claim on which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 9) is GRANTED. Because they are proceeding *pro se*, Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. Plaintiffs have 14 days from the entry of this order to file an amended complaint and properly serve process. Should Plaintiffs fail to do either, their claims will be dismissed with prejudice.

DATED this 23rd day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE