THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD W. MORGAN and MORGAN INSURANCE LLC,<br><br>       Plaintiffs,<br><br> v.<br><br>CAPITOL INDEMNITY CORPORATION, CAPITOL SPECIALTY INSURANCE CORPORATION, and PLATTE RIVER INSURANCE COMPANY,<br><br>       Defendants. | NO.  2:17-CV-00754-JCC<br><br>RESPONSE IN OPPOSITION TO MOTION TO TRANSFER VENUE TO WISCONSIN<br><br>NOTED ON MOTION CALENDAR:<br>DECEMBER 8, 2017 |

## I.  Relief Requested

Plaintiffs respectfully request that the Court either deny the Motion of Defendants Capitol Indemnity Corporation and Platte River Insurance Company (collectively, "Capitol") to Transfer, or, in the alternative, condition the transfer on Capitol's stipulation that Morgan Insurance, LLC is, for all legal purposes, entitled to enforce the Independent Agent Agreement to the same extent as would have Morgan & Associates, Inc.

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 1

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200

## II.  Facts

The Plaintiffs in this case allege that Morgan & Associates, Inc. and later Morgan Insurance, LLC, acted as insurance producers who sold policies issued by the Defendants in exchange for the payment of commissions.  Dct. No. 18, p. 2-6.  Plaintiff Morgan Insurance, LLC, *and only Morgan Insurance, LLC*, claims that Capitol failed to pay it commissions to which it was entitled, and that Capitol unlawfully under the laws of the State of Washington, non-renewed or cancelled at least 64 policies that had been produced by Plaintiff.  Plaintiffs Morgan Insurance, LLC, and Donald Morgan personally, contend that this unlawful act was a tortious interference which effectively destroyed their reputation in the tight, and communicative, community of daycare and school policyholders.  This act, the Plaintiffs allege, was also a violation of the Washington Consumer Protection Act.

The only written agreement that may bear on the rights of the parties in this case is the Independent Agent Agreement (Dct. No. 27, p. 11-28) ("Agreement").  This Agreement is between Capitol Indemnity Corporation and Platte River Insurance Company (collectively, "Capitol"), and Morgan & Associates, Inc., and is dated March 22, 2011.  As noted by Capitol, the entity "Morgan & Associates, Inc." ceased business in 2012, and was dissolved.  *Morgan Dec.*  Donald Morgan's brokerage business transitioned to Morgan Insurance, LLC at that time.  *Morgan Dec.*  This change was made for the more favorable tax treatment available to the LLC.  *Id.*  Donald Morgan updated the brokerage's licensing records appropriately, and sent notification of the change to Capitol.  *Id.*  Morgan continued producing business for Capitol through the new LLC, and Capitol continued paying commissions, and allowed Morgan continued access to its electronic brokerage portal.  *Id.*

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 2

The relationship between Capitol and Morgan soured in 2014. Capitol had determined that it was phasing out its business of insuring daycares and schools. Capitol has previously agreed that Morgan would be able to "agent bill" all accounts with more than $1000 of annual premium. Brokers strongly prefer agency billing because it enhances the relationship between the broker and the policyholder. Despite this agreement, Capitol began to direct bill an increasing number of Morgan's policyholders, and cut Morgan Insurance, LLC out of the customer service loop with its clients. This was an acute issue, given the fact that Capitol was withdrawing from the market, and Morgan's relationship with the policyholders was reason they would use Morgan Insurance, LLC as their agent to place their business with other carriers. When Morgan complained about this change, Capitol gave him notice that Morgan Insurance, LLC's status as a Capitol agent would be revoked. *Id.*

Capitol then sent out cancellation / non-renewal notices to at least 64 of the policyholders whose business Morgan had produced, telling them that the cancellation / non-renewal was because of "agent termination." This is a practice specifically prohibited by RCW 48.17.591, and resulted in the chargeback of significant commissions otherwise due to Morgan Insurance, LLC, but also befouled Morgan's relationship with his clients, to whom Capitol had not only advertised that Morgan had been fired, but left them uninsured, uninformed, and scrambling to maintain their own licensure. For all of which, they would naturally blame Donald Morgan. *Id.*

This violation resulted in an investigation by the Washington State Insurance Commissioner, and ultimately, Order No. 15-002. *Ex. A, Morgan Dec.* During the course of that investigation, the Insurance Commissioner found that Capitol had violated RCW 48.17.591, and instructed Capitol to offer reinstatement to all of those policyholders. *Id.* The

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 3

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200

Commissioner found that 22 of those policyholders reinstated coverage with Capitol. *Id*. Despite the fact that none of these policies should have been cancelled / non-renewed in the first place, Morgan was still due the commissions from them (*see* Dct. No. 27, the Agreement, p. 5-6); Capitol has refused Morgan this credit. *Morgan Dec.*

Presently before the Court is Capitol's Motion to Transfer, which relies exclusively on the "situs" selection clause in the Agreement between Capitol and *Morgan & Associates, Inc.* The factual history above is recited to make the Court aware that the plaintiffs' claims are based entirely on the rights of *Morgan Insurance, LLC*, and Donald Morgan, personally. While Morgan Insurance, LLC *is* claiming to own the rights of Morgan & Associates, Inc. with respect to the Independent Agent Agreement, the claims of Morgan Insurance, LLC do not depend on that Agreement, and the Plaintiffs do not seek money that was owed to Morgan & Associates, Inc.; the commission schedule and all other critical terms of the agreement directly between Morgan Insurance, LLC and Capitol can be gleaned by the course of performance after Donald Morgan informed Capitol of the change. One element of the agreement between Capitol and Morgan Insurance, LLC that *cannot* be inferred by that course of performance is a forum selection clause.

### III. Evidence Relied Upon

Plaintiffs rely on the Declaration of Donald Morgan, and the documents on file with Court.

### IV. Authority & Argument

1.  Morgan Insurance, LLC is either a party to the Agency Contract, or it is not. Capitol cannot have it both ways.

While there is no doubt that contractual forum selection clauses are frequently honored by Federal Courts, it is equally true that parties that are non-signatories to the

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 4

contracts containing the clause are not bound by them. *Evanston Ins. Co. v. Certain Underwriters at Lloyd's*, No. C16-0755JLR, 2016 U.S. Dist. LEXIS 185725, at *12-13 (W.D. Wash. Oct. 28, 2016). In *Evanston*, Judge Robart refused to enforce a forum selection clause contained in an insurance contract between a policyholder and Lloyd's. That lawsuit was brought by a second insurer, Evanston, for contribution against Lloyd's for having defended a mutual insured in Washington. While the contribution *rights* that Evanston sought to enforce against Lloyds flowed from the insurance contract between the policyholder and Lloyd's, Evanston's contribution *claim* did not. That was because the contribution *claim* arose from the fact that Lloyd's had agreed to defend the policyholder, not the actual contents of the insurance policy itself. Evanston was not a signatory to the insurance policy, and it was not bound by the forum selection clause contained in that policy. *Id.*

The same is true in the case at bar. While the LLC's claims are based on the premise that Capitol owed it commissions for the premiums produced (and the damages flowing from Capitol's violations of RCW 48.17.591), those claims can exist independently from the terms of the contract between Capitol and the Inc. Capitol, with the knowledge that it was doing business with a new entity, continued accepting premiums from policyholders generated by that new entity without a new agreement. R.3d Agency, §8.13 states that both actual, *and implied*, agreements between a principal and agent are binding on the principal: "A principal has a duty to act in accordance with the express and implied terms of any contract between the principal and the agent." Comment d to that section addresses agent compensation:

> *d. Compensation--other issues.* Unless an agreement between a principal and an agent indicates otherwise, a principal has a duty to pay compensation to an agent for services that the agent provides. An agreement that an agent will not have a right to compensation for services provided may be implied from the agent's relationship to the principal or from the trivial nature of the services requested. The amount of

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 5

compensation due may be determined by the terms of agreement between principal and agent and may be fixed in amount or made contingent on whether the agent achieves stated outcomes or on other criteria. An agreement between a principal and an agent may also set the agent's right to compensation at an amount or rate that is standard or customary in a particular industry. If an agent has a right to be paid compensation by a principal but the amount due cannot be determined on the basis of the terms of the parties' agreement, the agent is entitled to the value of the services provided by the agent.

The claims of Morgan Insurance, LLC, just like those of Evanston's, can stand on their own without relying on the enforcement of rights originally belonging to Morgan & Associates, Inc. under the Agreement[1]. Morgan Insurance, LLC was acting as an agent of the Capitol companies, and was entitled to compensation at the "standard or customary rate" *regardless* of the contract between Capitol and Morgan & Associates, Inc.

In its Motion, Capitol paints the Plaintiffs as wanting to have it both ways, *ie*, that Morgan Insurance, LLC is asserting contractual rights belonging to Morgan & Associates, Inc., while ignoring the "situs" selection clause. Morgan Insurance, LLC is, indeed, arguing that it has the right to enforce rights under that Agreement, as one of its *six* causes of action against Capitol. The problem with this argument is that it is equally sound in reverse: Capitol has unequivocally *denied* that Morgan Insurance, LLC has any rights under the Agreement, but it is *Capitol* that is attempting to simultaneously use that agreement to transfer venue. With respect to this *one* cause of action out of the *six* asserted, either Capitol is correct, or the Plaintiffs are correct; the former could result in a transfer to Wisconsin, but the latter could not. Defendants argue that Plaintiffs should not be heard to argue about entitlement to

---

[1] Morgan Insurance, LLC is also not a third-party beneficiary of the contract between Capitol and Morgan & Associates, Inc., nor are the legal theories relied on dependent on rights of Morgan & Associates, Inc. such that the two entities should be treated identically under the contract. See

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 6

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200

contract benefits in Washington, and Plaintiffs argue that Defendants should not be entitled to a transfer and then argue, in Wisconsin, that Plaintiffs are not parties to the very contract containing the "situs" clause.

The Court has several options with respect to a discretionary ruling on a §1404(a) transfer motion. The Court has authority to transfer (or refrain from transferring) conditionally: "In exercising its discretionary transfer power under 28 U.S.C. § 1404(a) the district court may condition transfer upon appropriate safeguards in the interests of justice." *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1048 (3d Cir. 1973). Based on the nature of the claims, Plaintiffs believe that the correct resolution is to leave the case in Washington, unconditionally.  However, if the Court is inclined to transfer to Wisconsin, Plaintiffs respectfully request that the Court condition such a transfer on a stipulation from Capitol that Morgan Insurance, LLC is entitled to enforce the Agreement as though it were Morgan & Associates, Inc., as it is the successor of interest and rights to that corporation. Either the contract is the operative document in the dispute, or it is not; with the rights come the responsibilities. There is simply no clean way to resolve the merits of the motion to transfer without first resolving the merits of the rights of the parties under the Agreement.  Since it is Capitol's motion, the most appropriate course of action would be to leave the case where it is, or force Capitol to abandon its claim that the Agreement is legally inoperative.

Finally, and alternatively, the Court could provisionally deny the Motion to Transfer, allowing Capitol to re-raise and revisit the issue when and if the purely legal issue of contract interpretation is resolved, in this forum, by summary judgment. *See Softech Worldwide, LLC*

---

generally, *Bodywell Nutrition, Ltd. Liab. Co. v. Fortress Sys., Ltd. Liab. Co.*, No. 10-61646-CIV-COHN/SELTZER, 2011 U.S. Dist. LEXIS 1144, at *6-8 (S.D. Fla. Jan. 5, 2011).

RESPONSE IN OPPOSITION TO MOTION TO TRANSFER – 7

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200

*v. Internet Tech. Broad. Corp.*, No. 1:10cv651 (JCC), 2010 U.S. Dist. LEXIS 86389, at *18 (E.D. Va. Aug. 23, 2010)

2.  *Washington's Public Policy is against enforcing forum selection clauses in favor of insurance companies and against Washington residents.*

Even assuming that the "situs" clause in the Agreement is applicable to the claims in this case, the existence and validity of such a clause is not determinative. Courts still have discretion not to enforce them where there is a strong public policy against it.

> A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. See, *e. g., Boyd* v. *Grand Trunk W. R. Co.*, 338 U.S. 263 (1949).
>
> *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-16, 92 S. Ct. 1907, 1916, 32 L.Ed.2d 513, 523-24 (1972)

While there are several factors that a Court can consider with respect to this public policy issue (*see, eg,* factors in *Boston Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009)), the only one of those factors at play in this case is the "local interest in the lawsuit." Here, the "local interest" is the public policy of the State of Washington, and that interest is strong.

Washington has made it clear that *all* matters relating to insurance affect the public interest of *this* State. RCW 48.01.030 states:

> The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance.

The integrity of Washingtonian's insurance was violated in this case by Capitol's actions – both that of the policyholders that were wrongly cancelled, and that of the

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 8

Plaintiffs', who relationship with *at least* those 64 policyholders was unfairly tarnished. It is a matter of legislative public policy of this State that the integrity of the entire chain of people involved in insurance relationships be protected.

Additionally, pursuant to statute, insurance companies are not entitled to use their superior bargaining power to coerce Washingtonians to litigate in foreign venues, or have the relationship governed by foreign law. RCW 48.18.200 states:

> (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement (a) requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country; or (b) depriving the courts of this state of the jurisdiction of action against the insurer; or
>
> . . .
>
> (2) Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

The legislature did not limit these provisions to "insurance policies." The broad use of the term "insurance contract," along with the provision that it applies both to insurance contracts *covering* subjects in this State (which is language naturally associated with insurance *policies)*, *and* contracts to be *performed* in this State (which is language normally associated with other kinds of contracts), all suggest an intent to provide protection for a class of residents broader than just policyholders. Here, the Agreement is an insurance contract which was to be performed in Washington, by a Washingtonian. The choice of law and the venue provisions are void as contrary to the express public policy of this State.

Even if the Court were to construe RCW 48.18.200 as applicable solely to policyholders, however, it remains strong evidence of Washington's public policy to protect its residents from having to submit to foreign law and litigate in foreign venues in their

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 9

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200

disputes with goliath insurance companies. The Plaintiffs in this case come within the embrace of RCW 48.01.030, stating that the good faith and fair dealing of every link in the insurance chain is a matter of Washington's public policy. RCW 48.18.200 shows directly, or at the very least by analogy, that foreign law and venue provisions are, in the context of disputes with insurers, against the public policy of this State. Capitol is incorrect to suggest there is no such interest.

## V.  Conclusion

For the reasons provided above, Plaintiffs respectfully request that the Court deny the Defendants' Motion to Transfer.  In the alternative, Plaintiffs respectfully request that the Court provisionally deny the motion, pending the resolution of the purely legal matter of contract interpretation. Finally, and alternatively, Plaintiffs respectfully request that the if the Court orders a transfer, that it condition it in a just and equitable fashion by requiring Capitol to concede the issue of the applicability of the Agreement to this case.

DATED this 4th day of December 2017.

        s/Brent W. Beecher
        Brent W. Beecher, WSBA 31095
        Hackett, Beecher & Hart
        1601 Fifth Avenue, Suite 2200
        Seattle, WA 98101-1651
        Telephone: (206) 624-2200
        Facsimile:  (206) 624-1767
        bbeecher@hackettbeecher.com
        Counsel for Plaintiffs

RESPONSE IN OPPOSITION TO MOTION TO TRANSFER – 10

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

James D. Nelson, WSBA #11134
Shaina R. Johnson, WSBA #46079
Natalie A. Moore, WSBA #45333
BETTS, PATTERSON & MINES
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA  98101-3927
jnelson@bpmlaw.com
sjohnson@bpmlaw.com
nmoore@bpmlaw.com

DATED this 4th day of December 2017.

s/Brent W. Beecher
Brent W. Beecher, WSBA 22874
Hackett, Beecher & Hart
1601 Fifth Avenue, Suite 2200
Seattle, WA 98101-1651
Telephone: (206) 624-2200
Facsimile:  (206) 624-1767
bbeecher@hackettbeecher.com
Counsel for Plaintiffs

RESPONSE IN OPPOSITION TO MOTION
TO TRANSFER – 11

Law Offices of
**Hackett, Beecher & Hart**
1601 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 624-2200