THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD W. MORGAN, *et al.*,

Plaintiffs,

v.

CAPITOL INDEMNITY
CORPORATION, *et al.*,

Defendants.

CASE NO. C17-0754-JCC

ORDER GRANTING MOTION TO
TRANSFER VENUE

This matter comes before the Court on Defendants' motion to transfer venue to the Western District of Wisconsin (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Donald Morgan is a Washington insurance agent. (Dkt. No. 18 at 2.) He and Plaintiff Morgan Insurance, LLC, a Washington limited liability company ("MLLC") (collectively "Plaintiffs"), bring suit against Defendants, a Wisconsin-based insurance group, for failure to pay commissions on policies Plaintiffs wrote on Defendants' behalf. (*Id.* at 2–9.) At issue is application of a March 2011 Independent Agent Agreement ("Agent Agreement") between Defendants and Morgan & Associates, Inc., a Washington corporation ("MINC"). (Dkt. No. 27 at 11.) Defendants assert that a forum selection clause contained in the Agent Agreement

applies to the current dispute and, on this basis, seek to transfer venue to the District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 25 at 3.)

Morgan switched his insurance agency's operations from an incorporated entity to a limited liability company in August 2011. (Dkt. No. 18 at 3.) Plaintiffs asserted in their First Amended Complaint that at the time of the transfer "[MLLC] assumed all contractual obligations of [MINC], and was the successor to all rights of [MINC]," and that Defendants "expressly . . . acquiesced . . . [to] the substitution of entities" in the Agent Agreement.[1] (Dkt. No. 18 at 3.) Plaintiffs, in an effort to avoid transfer pursuant to the forum selection clause, now argue the Agent Agreement does not apply to this dispute and even if it did, public policy concerns cut against transfer. For the reasons described below, this Court disagrees. Transfer is warranted.

## II. DISCUSSION

According to the Agent Agreement,

> [i]n all matters concerning the validity, interpretations, performance, effect or otherwise of this Agreement, the laws of the State of Wisconsin shall govern and be applicable. The situs for any disagreement or legal action between [MINC] and [Defendants] shall be Dane County, Wisconsin.

(Dkt. No. 27 at 16.) Plaintiffs argue that the Court should disregard the provision above because their agency relationship with Defendants "can be gleaned by the course of performance" rather than through an assignment of the Agent Agreement. (Dkt. No. 28 at 4.) Plaintiffs also argue that because some of their claims "can exist independently" of their contract-based claims, the forum selection clause is inapplicable. (Dkt. No. 28 at 5.) But these arguments are not consistent with the allegations contained in Plaintiffs' First Amended Complaint. (*See generally* Dkt. No. 18.)

---

[1] Plaintiffs originally brought a breach of contract suit against Defendants in Snohomish County. (Dkt. No. 1.) But Plaintiffs' original complaint did not articulate facts demonstrating privity between the named Plaintiffs—Morgan and MLLC—and Defendants. (*See generally* Dkt. No. 1 at 6–10.) Following removal by Defendants, this Court dismissed Plaintiff's original complaint with leave to amend. (Dkt. No. 14 at 3–4.) Plaintiffs later filed their First Amended Complaint, articulating facts supporting privity, namely that MLLC is a successor in interest for the Agent Agreement between Defendants and MINC. (Dkt. No. 18 at 3.)

All of Plaintiffs' claims, as plead in their complaint, are either claims for breach of the Agent Agreement or require interpretation of the Agreement in some fashion. (*See* Dkt. No. 18 at 5–9.) Therefore, the forum selection clause is valid.

Ordinarily, the Court considers the convenience of the parties and public factors in determining whether to grant a motion for a change in venue. *See* 28 U.S.C. § 1404. But "[w]hen the parties have agreed to a valid forum-selection clause . . . only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). Instead of the normal § 1404 calculus, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," and this analysis is based solely on public interest factors. *Id*. at 581–82. Further, the public interest factors must "overwhelmingly disfavor a transfer." *Id*. at 583.

The Ninth Circuit has identified the following public interest factors: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Boston Telecomm. Group, Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009) (internal citation and quotation marks omitted). Here, Plaintiffs concede that local interest in the lawsuit is "the only one of those factors at play in this case." (*See* Dkt. No 28 at 8.)

Plaintiffs do not assert that they directly represent the interests of Defendants' insureds, nor do they plausibly argue how this action would serve to protect the interests of Washington's insureds. Instead, they simply argue that "*all* matters relating to insurance affect the public interest of [Washington]." (Dkt. No. 28 at 11) (emphasis in original). Plaintiffs support this argument with reference to portions of Washington's Insurance Code, which describes the public interest nature of Washington's insurance industry. (*Id*. at 8–9); *see* Wash. Rev. Code § 48.01.030. This is a bridge too wide. The public interest described in Washington's Insurance Code is that of the *insureds*, not professionals in the industry. *See generally* Chapter 48.01 Wash.

ORDER GRANTING MOTION TO TRANSFER
VENUE
C17-0754-JCC
PAGE - 3

Rev. Code; *see also Transamerica Title Ins. Co. v. Johnson*, 693 P.2d 697, 702 (Wash. 1985) (for purposes of Washington's Consumer Protection Act, the public interest impact of an insurer's bad act is only presumed for an insured). Morgan, an insurance agent, alleges Defendants failed to pay him sales commissions. His lawsuit has nothing to do with the public interest impact on insureds.[2]

Given Plaintiffs' inability to demonstrate public policy reasons against enforcing the forum selection clause, the Court finds that transfer to the Western District of Wisconsin is warranted.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue to the Western District of Wisconsin (Dkt. No. 25) is GRANTED.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Nor does this Court find persuasive Plaintiffs' reliance on Revised Code of Washington section 48.18.200, which preempts provisions in insurance contracts that deprive Washington's court's of jurisdiction in actions against insurers. (*See* Dkt. No. 28 at 9.) The provision clearly relates to insurance contracts between insureds and insurers—not between insurance professionals. *See generally* Chapter 48.18 Wash. Rev. Code (governing insurance contracts containing provisions governing dealings between insureds and insurers).

ORDER GRANTING MOTION TO TRANSFER
VENUE
C17-0754-JCC
PAGE - 4